DECISION
This is an appeal of an amendment to the Town of Richmond ("Town") zoning ordinance ("Ordinance"). On April 7, 1998, the Town amended the Ordinance, prohibiting race tracks and stadia in all zoning districts within the Town. Jurisdiction is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-71.
 Facts and Travel
On January 20, 1998, the Richmond Town Council ("Council") adopted a ninety (90) day moratorium resolution, refusing any new applications for race track facilities in the Town and providing for time to consider a proposed Ordinance revision to prohibit race tracks and stadia within all zoning districts. On March 12, 1998, the Race Track/Stadia Ad Hoc Study Committee submitted its report to the Council, concluding that race tracks and/or stadia would not be consistent with good planning practices or the Town's Comprehensive Plan. At about the same time, the Richmond Planning Board submitted to the Council a Recommendation for Zoning Ordinance Amendment and Review for Consistency with Comprehensive Plan. The Planning Board recommended that the Council adopt an Ordinance amendment to prohibit race tracks and stadia within all Town zoning districts. In making this recommendation, the Planning Board found that adoption of this Ordinance amendment would be consistent with good planning and the Town's Comprehensive Plan. Also, the Board determined that the proposed amendment would satisfy the requirements of the Rhode Island Zoning Enabling Act of 1991. On April 7, 1998, the Council adopted an Ordinance amendment, prohibiting race tracks and stadia as uses within all zoning districts of the Town.
On appeal to this Court, the Appellants argue that the Ordinance amendment "was unlawful as it was passed to prevent [Appellants'] project, and otherwise constituted an arbitrary and capricious abuse of power." Appellants' Memorandum at 9. Additionally, the Appellants contend that the "Town Council's Amendment Banning Race tracks and Stadia Constituted an Unlawful Taking of Plaintiffs' Property Without Just Compensation." Id. This appeal has been filed pursuant to G.L. 1956 § 45-24-71. Alternatively, the Appellants seek a declaratory judgment that the Ordinance amendment is void. Id.; see G.L. 1956 § 9-30-1 et seq.
 Standard of Review
This Court possesses appellate review jurisdiction of an amendment to a zoning ordinance pursuant to G.L. 1956 § 45-24-71, which states in pertinent part:
 "(b) The complaint shall state with specificity the area or areas in which the enactment or amendment does not conform with the comprehensive plan and/or the manner in which it constitutes a taking of private property without just compensation.
 (c) The review shall be conducted by the court without a jury. The court shall first consider whether the enactment or amendment of the zoning ordinance is in conformance with the comprehensive plan. If the enactment or amendment is not in conformance with the comprehensive plan, then the court shall invalidate the enactment or the amendment, or those parts of the enactment or amendment which are not in conformance with the comprehensive plan. The court shall not revise the ordinance to conform with the comprehensive plan, but may suggest appropriate language as part of the court decision.
 (d) In the case of an aggrieved party, where the court has found that the enactment or amendment of the zoning ordinance is in conformance with the comprehensive plan, then the court shall next determine whether the enactment or amendment works as a taking of property from the aggrieved party. If the court determines that there has been a taking, the court shall remand the case to the legislative body of the municipality, with its findings that a taking has occurred, and order the municipality to either provide just compensation or rescind the enactment or amendment within thirty (30) days.
The Rhode Island legislature has granted to municipalities the power to amend or repeal their zoning ordinances through action by either the city or town council. See G.L. 1956 § 45-24-50.
Actions of city or town councils are considered legislative in character. See Mesolella v. City of Providence, et al., 439 A.2d 1370, 1373-74 (R.I. 1982). These legislative actions enjoy an initial presumption of validity. See Camara v. City of Warwick, 116 R.I. 395,358 A.2d 23, 30 (1976).
However, G.L. 1956 § 45-24-71 sets forth a cause of action against the city or town council for an improper enactment or amendment of its zoning ordinance. In order to maintain this claim, a plaintiff has the burden to show "the area or areas in which the enactment or amendment does not conform with the comprehensive plan and/or the manner in which it constitutes a taking of private property without just compensation." G.L. 1956 § 45-24-71(b). Furthermore, the Rhode Island Supreme Court has opined that "[a] court may strike down an amendment only if the amendment bears no reasonable relationship to the public health, safety, or welfare." Sweetman v. Town of Cumberland, 117 R.I. 134, 144,364 A.2d 1277, 1285 (1976)
 Discussion
Considering this appeal pursuant to Section 45-24-71 of the Rhode Island General Laws, this Court must apply a two-part analysis. First, this Court shall consider whether the Ordinance amendment is in conformance with the Town's Comprehensive Plan. See G.L. 1956 §45-24-71(c).
Second, if this Court finds that the Ordinance amendment is in conformance with the Town's Comprehensive Plan, then this Court shall determine whether the Ordinance amendment effectuates a taking of the Appellants' property. See G.L. 1956 § 45-24-71(d).
It is clear from the statutory and case law controlling this appeal that the burden is upon the Appellants to show that the Ordinance amendment is not in conformance with the Town's Comprehensive Plan. See G.L. 1956 § 45-24-71(b); see also Mesolella, 439 A.2d at 1374 (citing Willey v. Town Council of Barrington, 106 R.I. 544, 560, 261 A.2d 627, 635 (1970)). Yet, rather than directing this Court's attention to the area or areas in which the Ordinance amendment allegedly does not conform with the Town's Comprehensive Plan, the Appellants attempt to analogize the facts in this case with those in Mesolella, hastily concluding that the Ordinance amendment must have been "`passed to directly prevent [Appellants'] project.'" Mesolella, 439 A.2d at 1375 (quoting trial court's decision). However, a careful review of the facts in Mesolella reveals that this case can easily be distinguished.
Decided almost twenty (20) years ago, prior to the Rhode Island Zoning Enabling Act of 1991, the plaintiff in Mesolella had expended approximately $88,000.00 on the subject property, various preliminary studies and an application for financing before the city amended the zoning ordinance. See Mesolella, 439 A.2d at 1371. Upholding the trial court's finding" `that the amendment in question . . . was passed to directly prevent plaintiff's project,'" the Mesolella Court relied upon the standard articulated in Willey, invalidating an ordinance amendment that was not adopted pursuant to the municipality's comprehensive plan. See Willey, 106 R.I. at 561, 261 A.2d at 636; see also G.L. 1956 §45-24-71(c). In the instant case, the Appellants obtained three (3) zoning certificates, but failed to perfect their pre-application status, withdrawing an application for a zone change on December 23, 1997. Regardless of whether only one or all of the Appellants withdrew the application for a zone change, based upon a thorough review of the entire record, this Court finds that Appellants failed to create any vested rights like the plaintiff in Mesolella. See Ordinance, Ch. 18.56, § 18.56.010. More significantly, Appellants have failed to meet their burden under G.L. 1956 § 45-24-71(c); thus, this Court finds that the Ordinance amendment is in conformance with the Town's Comprehensive Plan.
Having determined that the Ordinance amendment is in conformance with the Town's Comprehensive Plan, this Court shall next examine whether the Ordinance amendment effectuates a taking of the Appellants' property. Takings jurisprudence rests upon the proposition that "while property may be regulated to a certain extent, if regulation goes too far, it will be recognized as a taking." Lucas v. South Carolina Coastal Council,505 U.S. 1003, 1004, 112 S.Ct. 2886, 2893, 120 L.Ed. 798, 812 (1992) (citing Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 415 (1922)). In determining whether a taking has occurred, the court must analyze "(1) [t]he economic impact of the regulation on the claimant; (2) the extent to which the regulation has interfered with distinct investment backed expectations, and (3) the character of the governmental action." Alegria v. Keeney, 687 A.2d 1249, 1252 (R.I. 1997) (citing Penn Central Transportation Co. V. New York City, 438 U.S. 104, 124 (1978)).
Contrary to the Appellants' purported interpretation, the Rhode Island Supreme Court in Annicelli v. Town of South Kingstown relied upon Agins v. City of Tiburon for the proposition that "`[t]he application of a general zoning law to particular property effects a taking if the ordinance . . . denies an owner economically viable use of his land. . . .'" Annicelli v. Town of South Kingstown, 463 A.2d 133, 140 (R.I. 1983) (quoting Agins v. City of Tiburon, 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980)); but cf. Appellants' Memorandum at 13. Therefore, the Appellants mistakenly assert that they have suffered a "total taking" because the Ordinance amendment has prohibited an economically viable use of their land. See Alegria, 687 A.2d at 1253 (citing Lucas, 505 U.S. at 1029, 112 S.Ct. at 2900, 120 L.Ed.2d at 821).
In applying the Penn Central factors to the case before this Court, it is clear from the substantial evidence in the record that any economic impact of the Ordinance amendment on the Appellants does not deny them all economically viable uses of their land. Likewise, though the Ordinance amendment may have interfered with some future business expectations, the Appellants can pursue alternative proposals for their property. Finally, the Council's amendment of the Ordinance is reasonably related to the health, safety and welfare of the Town.
 Conclusion
For all of the reasons set forth above, the Council's amendment of the Ordinance, prohibiting race tracks and stadia as uses within all zoning districts of the Town, is upheld, and the appeal is denied.
The Appellants' request for a declaratory judgment is denied.
Counsel shall prepare an appropriate order for entry.